UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAMERON R.,<br><br>     Plaintiff,<br><br> v.<br><br>ANDREW M. SAUL, Commissioner<br>of Social Security,[1]<br><br>     Defendant. | NO. 1:18-CV-3221-TOR<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 12 and 16). Plaintiff is represented by D. James Tree. Defendant is represented by Martha Boden. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative

---

[1]  Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant pursuant to Fed. R. Civ. P. 25(d).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

record and the parties' completed briefing and is fully informed.  For the reasons

discussed below, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant's

motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g),

1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited: the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

relevant evidence that "a reasonable mind might accept as adequate to support a

conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated differently,

substantial evidence equates to "more than a mere scintilla[,] but less than a

preponderance." *Id.* (quotation and citation omitted).  In determining whether this

standard has been satisfied, a reviewing court must consider the entire record as a

whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On May 24, 2012, Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an amended onset date of December 28, 2011.[2] Tr. 44, 266-80. The applications were denied initially, Tr. 156-62, and on reconsideration, Tr. 168-79. Plaintiff appeared at a

---

[2] Plaintiff filed a previous application for benefits alleging a disability onset date of December 27, 2008. Tr. 249. This claim was denied on December 8, 2011. Tr. 153-55.

hearing before an administrative law judge ("ALJ") on July 16, 2013. Tr. 41-67.

On August 7, 2013, the ALJ denied Plaintiff's claim. Tr. 19-40. On October 2,

2014, the Appeals Council denied review. Tr. 1-4.

Plaintiff appealed the ALJ's decision to this Court. On January 6, 2015,

while Plaintiff's appeal was pending, Plaintiff filed a subsequent application for

benefits. Tr. 942-55. The Appeals Council directed the consolidation of the claim

files. Tr. 826-28. On July 20, 2016, this Court remanded this case to the Social

Security Administration for further proceedings. Tr. 801-23. On December 19,

2017, Plaintiff appeared at a second hearing before the ALJ. Tr. 709-35. On

September 12, 2018, the ALJ denied Plaintiff's claim. Tr. 674-702.

As a preliminary matter, the ALJ found Plaintiff met the insured status

requirements of the Social Security Act through December 31, 2011. Tr. 680. At

step one, the ALJ found Plaintiff had not engaged in substantial gainful activity

since December 28, 2011, the amended alleged onset date. *Id.* At step two, the

ALJ found Plaintiff had the following severe impairments: scoliosis, degenerative

disc disease, fibromyalgia, migraine headaches, depression, anxiety, and substance

addiction disorder. *Id.* At step three, the ALJ found Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the

severity of a listed impairment. *Id.* The ALJ then found Plaintiff had the RFC to

perform light work with the following limitations:

[Plaintiff] can occasionally climb, balance, stoop and kneel, and can never crouch or crawl. She can occasionally reach overhead. She can perform work in which concentrated exposure to extreme cold, vibration, loud noise, fumes, odors, dusts, gases, poor ventilation or hazards is not present. In order to meet ordinary and reasonable employer expectations regarding attendance, production and work place behavior, [Plaintiff] can understand, remember and carry out unskilled, routine and repetitive work that can be learned by demonstration, and in which tasks to be performed are predetermined by the employer. She can cope with occasional work setting change and occasional interaction with supervisors. She can work in proximity to co-workers, but not in a team or cooperative effort. She can perform work that does not require interaction with the general public as an essential element of the job, but occasional contact with the general public is not precluded.

Tr. 682.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as a cleaner/housekeeper. Alternatively, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as packing line worker, coin machine collector, and marker, pricer. Tr. 690. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from December 28, 2011 through September 12, 2018, the date of the ALJ's decision. Tr. 691.

Defendant did not file exceptions to the ALJ's decision, and the Appeals Council did not assume jurisdiction of this case. Therefore, the ALJ's September

12, 2018 decision became the Commissioner's final decision for purposes of judicial review. 20 C.F.R. §§ 404.984(d), 416.1484(d).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony;

2. Whether the ALJ properly considered the medical opinion evidence; and

3. Whether the ALJ properly considered the listed impairments at step three. ECF No. 12 at 2.

## DISCUSSION

**A.  Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discredit her symptom testimony. ECF No. 12 at 13-21.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at

1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location,

duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-*8; 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 683.

### 1. Inconsistent Statements Regarding Substance Use

The ALJ found Plaintiff's symptom reporting was undermined by inconsistent statements regarding her marijuana use. Tr. 685. Conflicting and inconsistent statements about substance use are appropriate grounds for the ALJ to discount a claimant's reported symptoms. *Thomas*, 278 F.3d at 959. The ALJ

observed that the record indicated Plaintiff began using marijuana in at least 2012

and continued through 2017.  Tr. 685; *see* Tr. 493 (June 27, 2008: Plaintiff denied

any current or past illicit drug use); Tr. 550 (March 22, 2010: Plaintiff reported

never using illicit/street drugs); Tr. 575 (April 24, 2010: Plaintiff reported not

using recreational drugs); Tr. 599 (October 26, 2011: Plaintiff reported using

marijuana "during her younger years"); Tr. 612 (January 10, 2012: Plaintiff

admitted occasional marijuana use); Tr. 729 (December 19, 2017: Plaintiff testified

to ongoing marijuana use).  The ALJ reasonably interpreted Plaintiff's 2011

statement as being inconsistent with her prior denials of marijuana use.  Tr. 685.

This finding is supported by substantial evidence.

### 2.  *Inconsistent Symptom Reporting/Symptom Exaggeration*

The ALJ found Plaintiff's symptom reporting was less reliable because the

ALJ found Plaintiff inconsistently reported her symptoms and exaggerated her

symptoms.  Tr. 684-85.  In evaluating a claimant's symptom claims, an ALJ may

consider the consistency of an individual's own statements made in connection

with the disability review process with any other existing statements or conduct

made under other circumstances.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.

1996) (The ALJ may consider "ordinary techniques of credibility evaluation," such

as reputation for lying, prior inconsistent statements concerning symptoms, and

other testimony that "appears less than candid."); *Thomas*, 278 F.3d at 958-59.

Additionally, the tendency to exaggerate provides a permissible reason for discounting Plaintiff's reported symptoms. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (the ALJ appropriately considered the claimant's tendency to exaggerate when assessing the claimant's credibility, which was shown in a doctor's observation that the claimant was uncooperative during cognitive testing but was "much better" when giving reasons for being unable to work).

Here, the ALJ found Plaintiff inconsistently reported the frequency of her headaches during medical appointments as opposed to in her claim for benefits. Tr. 684; *compare* Tr. 133 (Plaintiff claimed she experienced daily headaches) *and* Tr. 727 (Plaintiff testified she experienced daily headaches and an average of three migraines per month) *with* Tr. 598 (October 26, 2011: Plaintiff reported "occasional" migraines) *and* Tr. 1304 (April 6, 2017: Plaintiff reported experiencing no migraines and only mild headaches for the past three weeks).

An ALJ may not "cherry-pick[ ]" aspects of the medical record and focus only on those aspects that fail to support a finding of disability. *Ghanim*, 763 F.3d at 1164; *see Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (faulting the ALJ's selective reliance on some aspects of the treating records while ignoring other aspects suggestive of a more severe impairment). The reviewing court must consider the entire record as a whole in determining whether the ALJ's conclusion

is supported by substantial evidence. *Hill*, 698 F.3d at 1159. The ALJ's citation to two treatment notes, one of which predates the alleged onset date, does not rise to the level of substantial evidence to support the ALJ's conclusion. A review of the longitudinal medical evidence indicates Plaintiff repeatedly reported frequent headaches and migraines to her medical providers. *See, e.g.,* Tr. 1149 (June 6, 2014: Plaintiff reported chronic migraine headaches); Tr. 1193 (June 23, 2014: Plaintiff reported daily headaches and migraines four times per month); Tr. 1120 (June 30, 2014: Plaintiff presented to the emergency room with migraine headache); Tr. 1093 (December 8, 2014: Plaintiff reported chronic headaches); Tr. 1202 (February 3, 2015: Plaintiff reported experiencing four migraines per month); Tr. 1296 (October 13, 2017: Plaintiff reported experiencing daily headaches for the last six years). The ALJ's conclusion is not supported by substantial evidence.

The ALJ also concluded that Plaintiff reported her back pain as being less severe in clinical settings than she alleged in her disability claim. Tr. 684. In support of this finding, the ALJ cited Plaintiff's symptom complaint from a single medical report from before Plaintiff's alleged onset date. Tr. 598 (October 26, 2011: Plaintiff complained "episodically" of pain and reported using over the counter medication for pain relief). The ALJ similarly relied on this report for evidence that one test result indicated Plaintiff may have exaggerated her symptoms. Tr. 685. Evidence that predates the alleged onset of disability is of

limited relevance.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).  Furthermore, this evidence is from Plaintiff's prior claim file and is dated during a period in which Plaintiff was previously adjudicated nondisabled under the Social Security Act.  *See* Tr. 153-55, 249 (prior application for benefits, alleging disability onset date of December 27, 2008, denied on December 8, 2011).  Indeed, in other portions of the ALJ's findings, the ALJ discredited the report's author's opinion specifically because it was dated before Plaintiff's alleged onset date.  Tr. 689.  This evidence has limited relevance to Plaintiff's currently disability claim.  The ALJ's conclusion is not supported by substantial evidence.

### 3.  Daily Activities

The ALJ found Plaintiff's symptom complaints were inconsistent with her daily activities.  Tr. 684.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports

participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13. Additionally, the ability to care for others without help has been considered an activity that may undermine claims of totally disabling pain; however, if the care activities are to serve as a basis for the ALJ to discredit the Plaintiff's symptom claims, the record must identify the nature, scope, and duration of the care involved and this care must be "hands on" rather than a "one-off" care activity. *Trevizo v. Berryhill*, 871 F.3d 664, 675-76 (9th Cir. 2017).

Here, the ALJ observed Plaintiff reported being unable to leave her home without feeling scared and afraid and that she had significant limitations in lifting and walking. Tr. 683-84; *see* Tr. 401, 406, 432. The ALJ found these allegations were inconsistent with Plaintiff's activities, including caring for her children and socializing with family. Tr. 684; *see* Tr. 723 (Plaintiff reported riding to Seattle to accompany her son to Seattle for a medical appointment); Tr. 724 (Plaintiff reported going to her parents' house and her in-laws' house); Tr. 841 (Plaintiff reported attending her son's past baseball games); Tr. 599 (Plaintiff reported her daily routine as waking her children up, getting their clothes ready, feeding them, getting them off to school, watching television, and doing some housework).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

The ALJ concluded that these activities were inconsistent with Plaintiff's alleged disability. Tr. 684. However, the ALJ did not explain how Plaintiff's activities were inconsistent with her alleged limitations. Although the ALJ concluded that Plaintiff's activities demonstrated a discrediting "ab[ility] to leave her house at will," Plaintiff did not allege that she was completely unable to leave her house. Tr. 684. Additionally, while the ALJ found Plaintiff's ability to perform housework and childcare activities was inconsistent with her alleged physical limitations, the record shows these activities were done with significant restrictions and assistance from others. *See* Tr. 719 (Plaintiff reported needing to sit or lay down while doing housework); Tr. 722 (Plaintiff reported doing laundry with assistance from her husband and children); Tr. 723 (Plaintiff reported experiencing significant pain after riding to Seattle for her son's appointment); Tr. 728 (Plaintiff reported her mother or her mother-in-law would care for her children when she experienced migraines). The ALJ did not sufficiently explain how Plaintiff's restricted activities were inconsistent with the limitations she alleged or how they were transferrable to a work setting. *Molina*, 674 F.3d at 1112-13. This finding is not supported by substantial evidence.

### 4. *Lack of Supporting Medical Evidence*

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of symptoms alleged is not supported by

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

objective medical evidence.  *Rollins*, 261 F.3d at 857 (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345-47 (9th Cir. 1991)); *Fair*, 885 F.2d at 601; *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pan or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

Here, the ALJ found Plaintiff's back pain allegations were not supported by her objective imaging and physical examination results.  Tr. 684; *see* Tr. 454-546 (Plaintiff sought medical and chiropractic care for pain between 1992 and 2008); Tr. 503 (June 2, 2008: back examination showed relatively full range of motion but pain with extension and lateral bending, mild tenderness over lower lumbar and sacral paraspinal musculature and in midline, negative straight leg raise bilaterally, and no pain with hip range of motion); Tr. 494 (June 27, 2008: normal musculoskeletal examination except for palpatory exam of the vertebral column elicits some tenderness and palpable spasm); Tr. 492 (July 1, 2008: MRI showed mild scoliosis of lumbar spine, transitional anatomy with sacralization of L5, spondylosis with disc bulging resulting in mild narrowing of the central canal with mild to moderate encroachment of the lateral recesses at L4-5); Tr. 615 (March 19, 2012: physical examination showed mildly decreased flexion of the spine

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

secondary to pain and mild scoliosis); Tr. 667 (March 5, 2013: physical examination showed very limited back flexion secondary to pain, mild scoliosis, nontender to palpation, straight leg raise negative on the left and equivocal on the right); Tr. 1479 (March 6, 2018: post-surgical MRI showed posterior disc osteophyte complex at the fused level contributing to mild canal stenosis and mild effacement of the right lateral recess, which could result in impingement of the descending right nerve root); Tr. 1661-62 (April 19, 2018: shoulder MRI showed septated subcoracoid cyst which can be associated with impingement of the subscapularis, no evidence of a rotator cuff tear, and mild acromioclavicular arthrosis); Tr. 1660 (May 3, 2018: post-surgical MRI showed persistent dextrocurvature of the thoracic spine, mild neural foraminal narrowing at the concave margin of the curvature, and persistent mild prominence of the central canal of the cord).

Here, the ALJ's discussion of the medical evidence relies significantly on treatment records from before Plaintiff's alleged onset date and from a period in which she was previously adjudicated nondisabled. Tr. 683-84. This evidence is of limited relevance. *See Carmickle*, 533 F.3d at 1165. More importantly, the ALJ's discussion of the longitudinal medical evidence omits mention of Plaintiff's treatment notes between March 2013 and March 2018. Tr. 683-84. The record contains over 550 pages of treatment notes during this time frame that the ALJ

failed to discuss. Tr. 1087-1258, 1261-1476, 1482-1658. Many of these treatment notes document physical findings that are inconsistent with the ALJ's conclusion. *See, e.g.*, Tr. 1096 (November 6, 2014: physical examination showed severe limitation in lumbar range of motion); Tr. 1238 (March 9, 2015: physical examination showed mild to moderate limitation in cervical range of motion, positive Spurling test, and sensory deficits); Tr. 1453 (May 25, 2016: physical examination showed severe limitation in lumbar range of motion, sensory deficits, and positive straight leg raise on right side with some pain in lateral leg to the foot); Tr. 1288 (September 11, 2017: physical examination showed lumbar range of motion severely reduced). The ALJ is not permitted to "cherry pick" from mixed evidence to support a denial of benefits. *Garrison*, 759 F.3d at 1017 n.23. The ALJ's conclusion is based on an impermissibly selective reading of the record and is not supported by substantial evidence.

The ALJ also found that the record did not support Plaintiff's alleged limitations from mental impairments. Tr. 685; *see* Tr. 551-52 (March 22, 2010: normal mental status examination); Tr. (October 26, 2011: same); Tr. 612-13 (January 10, 2012: Plaintiff "admits to a history of depression but does not feel particularly depressed at this time"; memory loss possibly secondary to marijuana use); Tr. 618 (March 28, 2012: Plaintiff observed to be oriented and alert, speech behavior was normal, mood seemed dysphoric and affect was broad ranged); Tr.

644 (September 17, 2012: Plaintiff returned to mental health care on recommendation from Social Security caseworker). The ALJ reasonably concluded that the minimal mental health evidence after Plaintiff's alleged onset date did not support the level of impairment Plaintiff alleged. Tr. 685-86. This finding is supported by substantial evidence.

### 5. *Marijuana Use*

The ALJ found Plaintiff's symptom reporting was undermined by her ongoing marijuana use. Tr. 685. Social Security claimants may not receive benefits where drug addiction and alcoholism ("DAA") is a material contributing factor to disability. *See* 20 C.F.R. §§ 404.1535(b), 416.935(b); 42 U.S.C. § 423(d)(2)(c). DAA is a materially contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol. 20 C.F.R. §§ 404.1535(b), 416.935(b). Plaintiff has the burden of showing that drug and alcohol addiction is not a contributing factor material to disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). The Ninth Circuit has questioned whether medical marijuana use is a clear and convincing reason to discredit a claimant's symptom allegations. *Kelly v. Berryhill*, 732 F. App'x 558, 564 (9th Cir. 2018); *Buchholz v. Barnhart*, 56 F. App'x 773, 776 (9th Cir. 2003).

Here, Plaintiff reported ongoing marijuana use as a method of pain and anxiety relief. Tr. 1226. The ALJ found that Plaintiff's symptom testimony was

less credible because her ongoing marijuana use "can at least in part explain the alleged limitation of needing to lie down every half an hour during the day, as well as cognitive issues." Tr. 685. Plaintiff challenges the ALJ's conclusion, arguing that the record did not establish Plaintiff's marijuana use was "abuse," that Plaintiff's use was medicinal, and that there was no evidence in the record to support the ALJ's conclusion that Plaintiff's limitations were aggravated by her marijuana use. ECF No. 12 at 16-17. However, Plaintiff's treatment notes label her marijuana use as abuse. *See* Tr. 1337, 1352, 1363, 1372. Plaintiff's treatment notes also document suggestions that her marijuana use contributed to her impairments. *See* Tr. 613 (January 10, 2012: Plaintiff's memory loss history is possibly secondary to marijuana use); Tr. 1093 (December 8, 2014: "I recommended to her that she taper and stop the marijuana. I have concerns about a medication overuse phenomena that may actually be making her pain and headaches worse over time."); Tr. 1198 (April 27, 2015: Plaintiff was unable to try opioid therapy due to marijuana use). The ALJ's finding is supported by substantial evidence. However, even if this finding is supported by substantial evidence, it is unclear whether medical marijuana use is a clear and convincing reason to discredit a claimant's symptom testimony.

The majority of the ALJ's findings regarding Plaintiff's symptom complaints were not clear and convincing reasons or supported by substantial

evidence. This level of error is not harmless. *Molina*, 674 F.3d at 1115 (an error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."). The ALJ is instructed to reconsider Plaintiff's symptom allegations on remand.

**B. Medical Opinion Evidence**

Plaintiff challenges the ALJ's consideration of the opinions of Greg Sawyer, M.D., Ph.D.; Vincent Gollogly, Ph.D.; Norman Staley, M.D.; Stuart Smithson, D.C.; and Lauren Hohman, PAC. ECF No. 12 at 5-13.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan*, 246 F.3d at 1201-02 (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830-831). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Dr. Sawyer

Dr. Sawyer performed a consultative examination on May 15, 2015, diagnosed Plaintiff with major depressive disorder and social anxiety disorder, and opined Plaintiff would have difficulty performing detailed and complex tasks; difficulty accepting instructions from supervisors; difficulty understanding, carrying out, and remembering complex and one or two-step instructions; difficulty with memory, concentration, and particularly immediate memory; difficulty with

sustaining concentration and persisting in work-related activity at a reasonable pace; difficulty maintaining regular attendance in the workplace; difficulty completing a normal workday or workweek without interruptions; and difficulty dealing with the usual stresses encountered in the workplace. Tr. 1223-30. The ALJ did not assign a specific level of weight to this opinion, although context indicates the ALJ gave Dr. Sawyer's opinion less than full weight. Tr. 687. Because Dr. Sawyer's opinion was contradicted by Dr. Gollogly, Tr. 142-43, the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Sawyer's opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found Dr. Sawyer's opinion was entitled to less weight because it was rendered "without fully acknowledging" Plaintiff's marijuana use. Tr. 687. An ALJ may properly reject a medical opinion that is rendered without knowledge of a claimant's substance abuse. *See Coffman v. Astrue*, 469 F. App'x 609, 611 (9th Cir. 2012); *Serpa v. Colvin*, No. 11-cv-121-RHW, 2013 WL 4480016, at *8 (E.D. Wash., Aug. 19, 2013). However, Dr. Sawyer documented Plaintiff's marijuana use in his report. Tr. 1226. The ALJ appears to take issue with Dr. Sawyer's failure to diagnose a marijuana use disorder. Tr. 687. The ALJ "must not succumb to the temptation to play doctor and make [his or her] own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). There is no basis in this record to find that Dr. Sawyer was insufficiently aware

that Plaintiff used marijuana at the time of his examination. This finding is not supported by substantial evidence.

Second, the ALJ found Dr. Sawyer's opinion was entitled to less weight because it was inconsistent with Dr. Toews' finding of symptom exaggeration based on the Missed Index Score. Tr. 687. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion and the consistency of the medical opinion with the record as a whole. *Lingenfelter*, 504 F.3d at 1042; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). As discussed *supra*, Dr. Toews' report predates Plaintiff's alleged onset date and dates to a period in which Plaintiff was previously adjudicated nondisabled. Tr. 597. Plaintiff's test score from a period in which the Commissioner determined Plaintiff was not under a disability is of limited relevance to the issue of whether Plaintiff was under a disability during the time frame relevant to this case. *See Carmickle*, 533 F.3d at 1165. To the extent the ALJ found Dr. Sawyer's opinion was entitled to less weight because it was unsupported by objective evidence, as opposed to only Dr. Toews' test results, this conclusion is similarly unsupported. Dr. Sawyer conducted a clinical interview and mental status examination, which are "objective measures" of mental health impairments. Tr. 1223-28; *see Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). This conclusion is not supported by substantial evidence.

The ALJ made other findings regarding Dr. Sawyer's opinion. Tr. 687. However, because this case is already remanded for other reasons, the ALJ is instructed to reconsider Dr. Sawyer's opinion on remand.

2. *Dr. Gollogly and Dr. Staley*

Dr. Gollogly reviewed the record on October 3, 2012, and opined Plaintiff had moderate limitation in her ability to understand and remember detailed instructions; that Plaintiff was capable of simple, repetitive tasks; that Plaintiff was moderately limited in her ability to carry out detailed instructions; that Plaintiff was capable of maintaining attention and concentration for extended periods; and that plaintiff was moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 142-43.

Dr. Staley reviewed the record on October 8, 2012, and opined Plaintiff could occasionally lift and/or carry 20 pounds; Plaintiff could frequently lift and/or carry 10 pounds; Plaintiff could stand and/or walk 6 hours in an 8-hour workday; Plaintiff could sit 6 hours in an 8-hour workday; Plaintiff could frequently climb ramps and stairs; Plaintiff could occasional climb ladders, ropes, or scaffolds; Plaintiff could frequently stoop, kneel, crouch, and crawl; and that Plaintiff needed to avoid concentrated exposure to vibration and hazards. Tr. 140-41.

The ALJ gave both reviewers' opinions significant weight. Tr. 688. Plaintiff contends the ALJ erred by crediting the reviewers' opinions over the opinions of Plaintiff's treating and examining providers. ECF No. 12 at 13. The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1041. Other cases have upheld the rejection of an examining or treating physician based in part on the testimony of a nonexamining medical advisor when other reasons to reject the opinions of examining and treating physicians exist independent of the nonexamining doctor's opinion. *Lester*, 81 F.3d at 831 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians, and testimony from claimant that conflicted with treating physician's opinion)); *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician, but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion, which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1041.

Here, as discussed *supra*, the ALJ's consideration of the medical evidence is impermissibly selective. The ALJ omitted from discussion approximately 550

pages of treatment notes from between 2013 and 2018.[3] Because the ALJ disregarded such a significant portion of the record, the Court cannot conclude that substantial evidence supports the ALJ's finding that the record supports the reviewing physicians' opinions over those of Plaintiff's treating and examining providers. The ALJ's consideration of the reviewing sources' opinions is not supported by substantial evidence. The ALJ is instructed to reconsider the reviewers' opinions on remand.

### 3. Mr. Smithson

Mr. Smithson, Plaintiff's treating chiropractor, opined on June 13, 2012 that Plaintiff was unable to sit or stand immobile for more than 30 minutes at a time, that Plaintiff could not lift more than 20 pounds, that Plaintiff could bend or squat only infrequently, and that Plaintiff was not capable of full-time work of a physical nature. Tr. 624. The ALJ gave this opinion some weight. Tr. 686. As a chiropractor, Mr. Smithson is not an acceptable medical source. 20 C.F.R. §§ 404.1502(a), 416.902(a). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, the ALJ is required to "consider

---

[3]    Because the reviewers' opinions were rendered in October 2012, they also did not review this evidence.

observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). An ALJ is required to provide germane reasons to discount other source opinions. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

First, the ALJ found Mr. Smithson's opinion was inconsistent with Plaintiff's daily activities. Tr. 686. Inconsistency with a claimant's daily activities is a germane reason to reject lay testimony. *Carmickle*, 533 F.3d at 1163-64; *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, as discussed *supra*, the ALJ's characterization of Plaintiff's activities disregarded the significant limitations Plaintiff reported experiencing when performing those activities and was not supported by the record. Tr. 686. The ALJ's reliance on this reason to discredit Mr. Smithson's opinion is similarly not supported by substantial evidence.

Second, the ALJ found Mr. Smithson's opinion was inconsistent with the objective medical evidence. Tr. 686. Inconsistency with the medical evidence is a germane reason for rejecting lay witness testimony. *See Bayliss*, 427 F.3d at 1218; *Lewis*, 236 F.3d at 511-12. The ALJ found Mr. Smithson's opinion was inconsistent with the medical evidence, including Plaintiff's post-surgical objective imaging. Tr. 686. However, as discussed throughout this Order, the ALJ's consideration of the medical evidence is impermissibly selective. The ALJ

specifically concluded that Mr. Smithson's opinion was inconsistent with Plaintiff's record of conservative treatment and the fact that she was not a surgical candidate. Tr. 686. However, the medical records that the ALJ omitted from discussion indicate Plaintiff underwent back surgery in May 2017. Tr. 1396-1407. The ALJ's conclusion is not supported by substantial evidence.

Third, the ALJ found Mr. Smithson's opinion was inconsistent with the other medical opinion evidence, specifically the opinions of the state agency reviewers. Tr. 686. The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews*, 53 F.3d at 1041. As discussed *supra*, the ALJ's consideration of the medical evidence is impermissibly selective and omits from discussion approximately 550 pages of treatment notes from between 2013 and 2018. Notably, the ALJ credited the reviewers' opinions over Mr. Smithson because the reviewers were able to review Plaintiff's longitudinal treatment record. Tr. 686. However, the reviewers' opinions were rendered in October 2012, so their opinions predate the evidence that the ALJ failed to consider. Tr. 140-43. The ALJ's finding is not supported by substantial evidence. The ALJ is instructed to reconsider Mr. Smithson's opinion on remand.

### 4. Ms. Hohman

Ms. Hohman, Plaintiff's treating physician assistant, opined on May 24, 2013 in a report cosigned by Dr. Jach that Plaintiff could occasionally lift 10 pounds; could frequently lift less than 10 pounds; could stand and walk less than 2 hours in an 8-hour day; could sit less than 2 hours in an 8-hour workday; could sit for 20 minutes before needing to change position; could stand 15 minutes before needing to change position; needed to walk around every 20 minutes for 5 minutes at a time; that Plaintiff needed to be able to shift at will from sitting or standing/walking; that Plaintiff would need to lie down every one and a half hours; that Plaintiff could never twist, crouch, or climb ladders; that Plaintiff could occasionally stoop and climb stairs; that Plaintiff was unable to push or pull more than 10 pounds, and that Plaintiff would miss an average of more than four days of work per month due to her impairments and treatment. Tr. 670-73. The ALJ gave this opinion some weight. Tr. 687.

Sometime on or after March 12, 2018, Ms. Hohman completed a second report[4] in which she opined Plaintiff would need to lie down during the day due to back and leg pain, that Plaintiff's medications caused fatigue, that work on a

---

[4] The ALJ incorrectly attributed this opinion to "Lauren Hoffman, PAC." Tr. 687.

regular and continuous basis would cause Plaintiff's condition to deteriorate, that prolonged standing and lifting could make Plaintiff's pain worse, and that Plaintiff would likely miss four or more days of work per month on average due to her medical impairments. Tr. 1480-81. The ALJ gave this opinion little weight. Tr. 688.

As a physician assistant, Ms. Hohman is not an acceptable medical source. 20 C.F.R. §§ 404.1502(a), 416.902(a). An other source, including a physician assistant, may be considered a medically acceptable source "where he worked so closely under a physician that he was acting as the physician's agent." *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (citation omitted). Here, the only evidence attributed to Dr. Jach is his signature on Ms. Hohman's report. Tr. 673. The record does not indicate Ms. Hohman consulted with Dr. Jach in her treatment of Plaintiff, and there are no separate treatment notes from Dr. Jach. This record does not support a conclusion that Ms. Hohman was acting as Dr. Jach's agent. *Britton*, 787 F.3d at 1013. Therefore, the ALJ was required to provide germane reasons to discount this opinion. *Dodrill*, 12 F.3d at 919.

Even under this lesser standard, the ALJ failed to provide reasons supported by substantial evidence to discredit Ms. Hohman's opinions. The ALJ identified the objective medical evidence, Plaintiff's daily activities, Ms. Hohman's failure to

acknowledge Plaintiff's marijuana use,[5] and statements from Dr. Toews' report about symptom exaggeration poor motivation to work as reasons to discredit Ms. Hohman's opinions. Tr. 686-88. However, as discussed throughout this Order, the ALJ's findings on these subjects are not supported by substantial evidence. The ALJ is instructed to reconsider Ms. Hohman's opinion on remand.

**C. Step Three**

Plaintiff contends the ALJ erred by failing to find Plaintiff's migraines met or medically equaled the severity of a listed impairment. ECF No. 12 at 3-5. Because the ALJ failed to consider the full medical record, as discussed throughout this Order, the Court declines to address Plaintiff's specific assignments of error at step three. The ALJ is instructed to consider the entirety of the medical evidence on remand and conduct a new sequential analysis, including a new step three analysis.

---

[5] Of note, as with Dr. Sawyer's opinion, the ALJ concluded Ms. Hohman's opinion failed to acknowledge Plaintiff's ongoing marijuana use, but Ms. Hohman's report specifically acknowledged Plaintiff was medicating with marijuana. Tr. 687, 1480.

**D. Remedy**

Plaintiff urges the Court to remand this case for an immediate award of benefits. ECF No. 17 at 4.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague*, 812 F.2d at 1232 (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *INS v. Ventura*, 573 U.S. 12, 16 (2002)). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the

claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews*, 53 F.3d at 1039, or the "presentation of further evidence … may well prove enlightening" in light of the passage of time, *Ventura*, 573 U.S. at 18. Here, further proceedings are needed to resolve conflicts and ambiguities. *Andrews*, 53 F.3d at 1039. As discussed *supra*, the ALJ failed to discuss approximately 550 pages of treatment notes from between 2013 and 2018. When considered as a whole, the record contains conflicting evidence. For example, although the ALJ failed to discuss Plaintiff's physical examinations showing significant abnormal results, the record also contains numerous physical examinations that show no or mild abnormal findings. *Compare* Tr. 615, 667, 1479, 1660-62 *with* Tr. 1096, 1238, 1453, 1288. Additionally, evidence in the record indicates that some of Plaintiff's impairments may be attributable, at least in part, to her ongoing marijuana use. *See* Tr. 613, 1093, 1198. Further proceedings

are necessary for the ALJ to consider the full medical record and resolve outstanding conflicts in the evidence.

The Court appreciates that the credit-as-true rule is a "prophylactic measure" that may be used to address the "equitable concerns about the length of time" that elapses between a claimant's application filing date and the date of a final decision. *Treichler*, 775 F.3d at 1100. Over seven years have elapsed since Plaintiff's filing date. Tr. 266, 273. This Court has already remanded this matter for further proceedings once based on the same ALJ's failure to provide legally sufficient reasons, supported by substantial evidence, to deny Plaintiff's claim. Tr. 801-18. Despite the additional time that further proceedings will take, the Court finds it is necessary to allow for medical expert testimony and to allow the ALJ to resolve outstanding conflicts in the record. Accordingly, the Court declines to exercise its discretion to remand this case for an immediate award of benefits.

On remand, the ALJ is instructed to take testimony from a medical expert who has reviewed the longitudinal record, reconsider the longitudinal medical evidence, reweigh Plaintiff's symptom allegations, reweigh the medical opinion evidence, and conduct a new sequential analysis. The Commissioner is instructed to reassign this matter to a different ALJ on remand.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (**ECF No. 12**) is **GRANTED.**

2. Defendant's Motion for Summary Judgment (**ECF No. 16**) is **DENIED.**

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to update the docket to reflect the Commissioner's name, enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

**DATED** September 12, 2019.



THOMAS O. RICE
Chief United States District Judge